IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STEPHANIE WADE                                                                                   PLAINTIFF

V.                                                                       CAUSE NO. 3:15-cv-477-CWR-FKB

PATRICK CRISLIP, ET AL                                                                         DEFENDANT

**ORDER**

Pending before the Court is the plaintiff's Motion to Remand. Docket No. 9. Defendant All Star Trucking Company opposes the motion with its response, Docket No. 17, and defendants, Patrick Crislip and State Automobile Mutual Insurance Company joined in the opposition. Docket Nos. 18 and 19. A hearing was held on January 15, 2016.

After reviewing the pleadings, motions, and the parties' arguments, the Court finds that the motion should be granted.

**I.  PROCEDURAL HISTORY**

Stephanie Wade, a citizen of Mississippi, filed her original complaint in this matter in the County Court of Hinds County. Docket No. 1-6. The plaintiff named as defendants, Patrick Crislip, a citizen of Kentucky and the driver of the vehicle that collided with plaintiff's vehicle; State Automobile Mutual Insurance Company, an Ohio corporation with its principal place of business in Ohio; and All Star Trucking Company, an Indiana corporation doing business in Mississippi; John Does 1-5; and John Doe Insurance Companies 1-5. Wade alleged claims of negligence, respondeat superior and vicarious liability, negligent hiring and negligent entrustment, civil conspiracy, spoliation of evidence, and a claim for declaratory relief against

State Automobile Casualty Insurance Company.  The plaintiff limited her request for damages, costs, and post-judgment interest to $74,999.00.

Wade voluntarily dismissed her county court action on June 3, 2015, Docket No. 1-7, and on the following day she filed a complaint in Hinds County Circuit Court.  Docket No. 1-3.  Wade added two defendants, Geico Indemnity Company, a corporation with its primary place of business in Maryland, and Kordarrio Wright, a Mississippi resident.  She also added a claim for punitive damages.  Wade amended her complaint once again on June 19, adding a claim for declaratory relief against GEICO Indemnity Company.  Docket No. 1-3, at 32.  The named defendants are diverse with the exception of Wright, who is also the plaintiff's son.

Once served, the defendants, with the exception of Wright, timely filed their notice of removal alleging that the plaintiff improperly joined Wright to defeat diversity jurisdiction.  Docket No. 1.  Plaintiff timely filed her motion to remand on July 29, 2015.

## II.  LEGAL STANDARDS

### A. Removal

"[F]ederal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm*, 603 F.3d 290, 292 (5th Cir. 2010) (citation and quotation marks omitted). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest, and the matter is between citizens of different states. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011) (citing 28 U.S.C. § 1332).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. §

1441(a). Defendants are entitled to remove to a federal forum unless an in-state defendant has been properly joined. *Smallwood v. Illinois Cen. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). District courts should not, however, "sanction devices intended to prevent the removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Id*. (citing Charles Alan Wright *et al*., Fed. Prac. and Proc. § 3641, at 173 (3d. ed. 1998)).

"[A]ny contested issues of facts and any ambiguities of state law must be resolved in the [non-removing party's] favor." *Cuevas* 648 F.3d at 248. "[B]ecause removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Church v. Nationwide Ins. Co.*, No. 3:10-cv-636, 2011 WL 2112416, at *2 (S.D. Miss. May 26, 2011) (quoting *Guiterrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)); *see Williams v. Brown*, No. 3:11-cv-273, 2011 WL 3290394, *3 (S.D. Miss. July 28, 2011) ("Doubts about whether federal jurisdiction exists following removal must be resolved against finding jurisdiction."). The removing party bears the heavy burden of establishing federal jurisdiction based on improper joinder. *Smallwood*, 385 F.3d at 573. Here, it is undisputed that the amount in controversy exceeds $75,000. The issue is whether Wright was improperly joined.

**B. Improper Joinder**

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The doctrine "implements the [federal courts'] duty to not allow manipulation of our jurisdiction." *Smallwood*, 385 F.3d at 576.

The Fifth Circuit has concisely stated a two-part test for evaluating claims of improper joinder. To establish improper joinder, the removing party bears the burden of demonstrating "(1) actual fraud in the pleadings of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonal,* 408 F.3d at 183 (citation omitted). While the removing party's burden of demonstrating improper joinder is a heavy one, more than a mere theoretical possibility of recovery under state law is needed to survive a finding of improper joinder. *Stewart v. Glenburney Healthcare*, No. 5:08-cv-270, 2008 WL 5412311, at *2 (S.D. Miss. Dec. 28, 2008) (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

There is no actual fraud in the pleadings of jurisdictional facts because the defendants concede that Wright is a Mississippi resident. Therefore, the second test is applicable today. That test is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood,* 385 F.3d at 573; *see also Glenburney Healthcare*, 2008 WL 5412311, at *3 ("[T]here need only be 'a reasonable basis for predicting that the state law might impose liability on the facts involved' in order for the case to be remanded.") (quoting *B., Inc. v. Miller Brewing Co.*, 663 F2d 545, 550 (5th Cir. 2005)).

In resolving this question, "a district court should ordinarily . . . [conduct] a Rule 12(b)(6)-type analysis. However, in cases where the plaintiff has stated a claim, but "misstated or omitted discrete facts, the district court has the discretion to pierce the pleadings and conduct a summary inquiry." *McDonal*, 408 F.3d at 183 n.6. (citation omitted).

### C. 12(b)(6) Inquiry

Generally, to state a claim, the plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Harried v. Forman Perry Watkins Krutz & Tardy*, 813 F. Supp. 2d 835, 840 (S.D. Miss. July 12, 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

The applicable pleading standard for an analysis of improper joinder, however, is that of the forum state, in this case, Mississippi. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 800 F.3d 143, 149 (5th Cir. 2015) (holding that the state pleading standard applies when analyzing claims of improper joinder). "Mississippi is a notice pleading state." *Bedford Health Properties, LLC v. Estate of Williams ex rel. Hawthorne*, 946 So. 2d 335, 350 (Miss. 2006). Notice pleading, under Rule 8 of the Mississippi Rules of Civil Procedure, does not require "magic words." *Estate of Stevens v. Wetzel,* 762 So. 2d 293, 295 (Miss. 2000). Rather, it is only necessary that the pleadings contain a "short and plain statement" to provide the defendant with fair notice of the claims and grounds upon which relief is sought. *Id.*; *see also*, *Scott v. City of Goodman*, 997 So. 2d 270, 276 (Miss. App. 2008) ("'under the liberal requirements of Rule 8(a) [of the Mississippi Rules of Civil Procedure], a plaintiff must set forth factual allegations *either direct or inferential*, respecting each material element necessary to sustain recovery under some actionable legal theory.'" (quoting *Penn Nat'l Gaming, Inc. v. Ratliff*, 954 So. 2d 427, 432 (Miss. 2007)); Miss. R. Civ. P. 8(a)(1).

Because this case is presently proceeding in diversity, Mississippi substantive law is applicable. *Capital City Ins. Co. v. Hurst*, 632 F3d. 898, 902 (5th Cir. 2011). State law is

determined by looking to the decisions of the state's highest court. S*t. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

**III. DISCUSSION**

The defendants contend that the plaintiff has failed to make factual allegations sufficient to state a claim against Wright. In the alternative, the defendants allege that the plaintiff joined Wright as "a sham to deprive defendants of their right to a federal forum." Docket No. 1. The plaintiff responds, however, that the defendants have failed to meet their heavy burden of establishing that she has no possibility of recovery because she has stated "a separate and distinct claim of negligence" against Wright. Docket No. 10.

The elements of a negligence action in Mississippi are well-settled. A plaintiff must prove by a preponderance of the evidence (1) duty, (2) breach, (3) causation, and (4) injury. *Id.* (citation omitted). *Gulledge v. Shaw*, 880 So. 2d 288, 292-93 (Miss. 2004). In the amended complaint, the plaintiff alleges:

> That defendant Kordarrio Wright was following behind the plaintiff driving a 2005 Chevrolet Impala and the actions or inactions of Kordarrio Wright caused or contributed to around 3% of the damages sustained to Ms. Wade.

Docket No. 1-3 at ¶ 13.

According to the defendants, because the amended complaint does not "factually allege that Wright struck plaintiff's vehicle, nor that he even was involved in the accident," it contains only vague and conclusory allegations that fail to state a claim under the heightened pleading standard made applicable to federal courts by the Supreme Court in *Twombly* and *Iqbal*. But that is not the law.[1] Therefore, the Court will proceed by analyzing the amended complaint under Mississippi's notice pleading standard.

---

[1] The Mississippi Supreme Court has never addressed whether *Iqbal* and *Twombly* apply to state pleading standards. In fact, however, even after *Iqbal* and *Twombly*, it still maintains meeting the notice pleading requirements is

6

Wright owed a duty to exercise reasonable care in the operation of his vehicle and Wade alleges that Wright breached that duty and was responsible for a portion of her damages. Docket No. 1-3 at ¶ 17. The plaintiff also alleged additional facts that could possibly be attributable to Wright.[2] *See Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Under Mississippi's notice pleading standard, this is enough to put the defendants on notice that Wade set forth a claim of negligence against Wright. The defendants' suggestion that the plaintiff was required to provide more detailed allegations against Wright lacks merit. *See Rosamond v. Garlock Sealing Technologies, Inc.*, No. 3:03-cv-235, 2004 WL 943924, at *2 (N. D. Miss. April 5, 2004).

While the Court agrees that the amended complaint could have been more specific concerning Wright's actual involvement in the accident, it does not relieve the defendants from the heavy burden of establishing that there is no possibility of recovery against Wright in state court. Specifically, the defendants have failed to negate the possibility that the actions or inactions of the operator of a vehicle following behind another could cause or contribute to an accident, even if the vehicles do not make contact. Thus the defendants have not shown that there is no possibility that Wright could be held liable to the plaintiff on the negligence claim.[3] [4]

---

sufficient. *See BB Buggies, Inc. d/b/a/ Bad Boy Buggies and Textron, Inc. v. Leon*, 150 So. 3d 90, 101 (Miss. 2014). Even applying the *Twiqbal* standard would yield the same result as the "[t]he emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011).

[2] The plaintiff alleged that:
> Defendants breached this duty toward the Plaintiff by: failing to keep a proper lookout, thereby endangering the safety of the Plaintiff and the public; driving the aforesaid vehicle in an unsafe manner; failing to keep his vehicle under proper control; failing to maintain his lane; failing to follow the Rules of the Road in Mississippi; failing to maintain awareness of other vehicles prior to changing lanes; failure to stop at the scene of the wreck; and in other respects as will be shown at the trial of this cause.

Docket No. 1-3, at ¶ 19.

[3] Alternatively, the defendants argue that the plaintiff joined Wright as a sham to defeat diversity jurisdiction, and urge the Court to pierce the pleadings to make an inquiry into this allegation. The Fifth Circuit has cautioned that "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude

## IV.  CONCLUSION

Accordingly, the plaintiff's motion to remand is granted.[5]  An Order of Remand shall follow.

**SO ORDERED**, this the 11th day of March, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

plaintiff's recovery against the in-state defendant.  In the inquiry the motive or purpose of the joinder of in-state defendants is not relevant." *Smallwood*, 385 F.3d at 572.  Examples of discreet, undisputed facts are: "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist did not fill a prescription for the plaintiff patient . . . or any other fact that easily can be disproved if not true." *Id.* at 573, n.12.  Here, the Court need not exercise its discretion to pierce the pleadings as there are no undisputed facts that would assist the Court in resolving the question of whether it is possible for the plaintiff to recover in state court.

[4] The defendants also contend that the plaintiff fails to state a claim against Wright because she attempts to do so with collective allegations against all defendants.  Here though, the plaintiff made a combination of factual allegations specific to Wright and collective allegations as to all parties.  *See Stewart v. Glenburney,* No. 5:08-cv-270, 2008 WL 5412311, at *4 (S.D. Miss. Dec. 23, 2008) (quoting *Doe v. Cloverleaf Mall,* 829 F. Supp. 866, 870 (S.D. Miss. 1993) ("Where the plaintiff's complaint is devoid of **any** *factual* allegations suggesting a basis for recovery against a particular defendant there can be no grounds for concluding that a claim has been stated.")) (emphasis added).

[5] Also before the Court are the plaintiff's Motion for Default Judgment against Wright and Wright's Motion to Set Aside Clerk's Entry of Default.  Docket Nos. 12 and 14.  Because this Court does not have jurisdiction to enter default against Wright, his motion to set aside is granted and the plaintiff's motion for default judgment is dismissed as moot.